*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Conservatorship and Guardianship of
DOROTHY REDD.

---

GARY REDD,

        Appellant,

v

JENNIFER CARNEY and NICOLE LEGARDY,
Co-Guardians of DOROTHY REDD, Deceased,

        Appellees.

UNPUBLISHED
January 17, 2019

No. 341750
Oakland Probate Court
LC Nos. 2014-357310-CA;
        2014-356995-GA

---

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

This Court previously affirmed the probate court's August 11, 2016 removal of Gary Redd as his mother, Dorothy Redd's, co-guardian. *In re Guardianship of Redd*, 321 Mich App 398; 909 NW2d 289 (2017). Gary now appeals the probate court's rejection of various accounts he presented as Dorothy's co-conservator and an order removing his name from the deed to Dorothy's home, as well as other rulings made by the probate court. We affirm.

## I. BACKGROUND

As noted in *Redd*, 321 Mich App at 402-403, the probate court removed Gary as Dorothy's co-guardian because he was blocking then 93-year-old Dorothy's interactions with other family members. After the court's order, Gary remained as Dorothy's co-conservator and exerted control over Dorothy's real estate as Dorothy had previously signed a quitclaim deed naming Gary as a joint tenant with full rights of survivorship. Gary used this interest to evict other relatives from Dorothy's home. He then made repairs and secured paying tenants.

As Dorothy's co-conservator, Gary was required to file accounts explaining the use of Dorothy's assets. Throughout the proceedings, Gary did not timely file these accounts, leading

to court intervention. Early on, the court accepted Gary's tardy accounts and permitted his requests for costs and fees. After learning of Gary's interference with Dorothy's family relationships, however, the court scrutinized his later accounts more closely and found them overly generic, lacking in supporting documentation, and mathematically inaccurate. The court therefore denied Gary's request for fees for his services. The court decided to end Dorothy's conservatorship on October 28, 2016. The court also ordered Gary removed as the beneficiary of a life insurance policy intended to cover Dorothy's funeral expenses, an order to which Gary agreed. The court also rejected Gary's explanation that he had loaned his mother money to stay afloat and repaid himself by using Dorothy's credit at Art Van Furniture to purchase furnishings for his own home. The court ordered Gary to remove the furniture to the home of the relative with whom Dorothy was then living.

Gary appealed the probate court's various orders. While this appeal was pending, Dorothy Redd passed away.

## II. ANALYSIS

As this Court explained in *Redd*, 321 Mich App at 403-404 (cleaned up)[1]:

> We review the probate court's dispositional rulings for an abuse of discretion. A probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. We review the probate court's findings of fact for clear error. A factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made. We review de novo any statutory or constitutional interpretation by the probate court.

The probate court also granted equitable relief in this matter. We review de novo the grant of equitable relief, keeping in mind that "the propriety of affording equitable relief[] rests in the sound discretion of the court[] to be exercised according to the circumstances and exigencies of each particular case." *Tkachik v Mandeville*, 487 Mich 38, 44-45; 790 NW2d 260 (2010) (cleaned up).

We first address Gary's challenge to the probate court's order setting aside the 2012 quitclaim deed naming him as a "joint tenant[] with full rights of survivorship" in Dorothy's home. During these proceedings, several petitions seeking to set aside this deed were filed. At an evidentiary hearing, Dorothy testified that she executed the deed because Gary was trustworthy and honest. She explained that he had performed various repairs to the home so that it could be rented. Dorothy further explained that her intent was to have Gary "split" the home among all of her children when she passed away. She expressed this intent to Gary before

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, Cleaning Up Quotations, 18 J App Pract & Process 143 (2017).

executing the deed, and trusted that he would follow her wishes. However, it became apparent during these proceedings that Gary intended to keep the home for himself.

The probate court cited three grounds to set aside the quitclaim deed: (1) Dorothy mistakenly believed that Gary would follow her wishes after her death and share the home with all of her children; (2) the equitable remedy of a constructive trust, and (3) Gary's breach of fiduciary duty by accepting the quitclaim deed while he served as Dorothy's power of attorney. We note that in his appellate brief, Gary conflates unrelated parts of the probate court's ruling, asserting that the court voided the deed under various provisions of MCL 700.5421, relating to improper real estate transactions by conservators. The court actually cited this statute in relation to its order denying Gary's accounts and requests for conservator fees. As Gary "fails to dispute the [actual] basis of the [probate] court's ruling, this Court need not even consider" his appellate challenge. *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (cleaned up). In any event, while we question some of the probate court's cited grounds, the court properly imposed a constructive trust and ordered Gary to sell Dorothy's home.

A constructive trust "is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not, in good conscience, retain the beneficial interest, equity converts him into a trustee." *Kent v Klein*, 352 Mich 652, 656; 91 NW2d 11 (1958) (cleaned up). A constructive trust "arises by operation of law." *Id*. "It is enough, to compel surrender, that one feed and grow fat on that which in good conscience belongs to another, that he enjoy a windfall resulting in his unjust enrichment, that he reap a profit in a situation where honor itself furnishes rich reward, where profit, the mainspring of the market place, is both foreign and inimical to the trust reposed." *Id*. at 657. A constructive trust may be imposed whenever "the circumstances under which property was acquired make it inequitable that it should be retained by him who holds the legal title. Constructive trusts have been said to arise through the application of the doctrine of equitable estoppel, or under the broad doctrine that equity regards and treats as done what in good conscience ought to be done." *Id*. at 657-658 (cleaned up).

The probate court determined that a constructive trust was necessary to ensure that Dorothy's intentions were met. Under the trust, Gary was deemed to hold the property for the benefit of not only himself, but also his siblings. As the record was clear that Gary would not honor that trust, the court ordered that the quitclaim deed be set aside and ordered the sale of Dorothy's real estate and the division of the proceeds among Dorothy's children upon her passing. "When the remedial device of the constructive trust is employed, chancery orders whatever conveyance will remedy the wrong suffered, whether back to the transferor, or to some intended third person." *Id*. at 658. The probate court's orders would adequately protect Dorothy's intentions and the interests of her heirs, while preventing Gary from taking a windfall that was not planned by his mother. Accordingly, we affirm the court's order in this regard.

Gary's statement of the question presented purports to challenge three other decisions made by the probate court: (1) refusing to allow his accounts, (2) removing him as a beneficiary of Dorothy's life insurance policy, and (3) ordering that furniture be removed from his home and returned to Dorothy at Nichole Legardy's home. After fully examining Gary's arguments, we find no errors warranting relief.

The probate court disallowed Gary's accounts for a wide variety of reasons. With respect to Gary's accounting of Dorothy's income and expenses, the court cited the lack of supporting documentation. Gary simply argues that the court should have credited his testimony as supporting the entries in the account. But credibility is a matter better left to the finder of fact. *Redd*, 321 Mich App at 412. And there is indeed a lack of supporting documentation for many of Gary's entries in the accounts. There are also a number of discrepancies, omissions, and other account errors. Gary even testified that he was unsure of the accuracy of various entries, or of what expenses were included in certain broad categories stated in the accounts. On this record, we cannot find error in the probate court's decision.[2]

Moreover, Gary waived any challenge to his removal as a beneficiary of Dorothy's life insurance policy. "A party may not claim as error on appeal an issue that the party deemed proper in the trial court because doing so would permit the party to harbor error as an appellate parachute." *Hoffenblum v Hoffenblum*, 308 Mich App 102, 117; 863 NW2d 352 (2014) (cleaned up). Gary repeatedly indicated in the probate court that he no problem with changing the beneficiary of the policy to Dorothy, waiving any claim of error.

With regard to the furniture bought using Dorothy's Art Van credit account after she moved into Gary's home, the probate court explained that there was no dispute that Dorothy's account was used to purchase the furniture. The only question was whether Gary repaid Dorothy for the purchase. The court found that "insufficient evidence ha[d] been presented to show that" Gary moved funds to cover the purchase of the furniture and therefore ordered that he place the furniture in Dorothy's possession. Again, Gary simply contends that the court should have found him credible. We may not interfere with the probate court's judgment in that regard. *Redd*, 321 Mich App at 412.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[2] In any event, it appears that Gary's primary concern is whether he will be able to recoup from Dorothy's estate the "loans" he allegedly made for home repairs. The probate court specifically left this issue open, allowing Gary to prove his expenses and make a claim against the sale proceeds.